**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO: 1:26-cv-22289**

NOA BISTRITZ, a minor, by and through
her father and natural guardian,
BRIAN BISTRITZ,

      Plaintiff,

v.

AMAZON.COM, INC., and
AMAZON.COM SERVICES, LLC,

      Defendants.

_____/

**<u>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL</u>**

COMES NOW, the Plaintiff, NOA BISTRITZ, a minor, by and through her father and natural guardian, BRIAN BISTRITZ, and through her undersigned Counsel, hereby sues the Defendants, AMAZON.COM, INC. and AMAZON.COM SERVICES, LLC, and in support thereof alleges as follows:

**<u>PARTIES AND JURISDICTION</u>**

1. At all times material hereto, the Plaintiff, NOA BISTRITZ, is a minor child, who brings this action by and through her father and natural guardian, BRIAN BISTRITZ.

2. At all times material hereto, BRIAN BISTRITZ is the father and natural guardian of the Plaintiff, NOA BISTRITZ.

3. At all times material hereto, the Plaintiff, NOA BISTRIZ, a minor, and her father and natural guardian, BRIAN BISTRIZ, are residents of the State of Florida, and are otherwise *sui juris*.

4. At all times material hereto, the Defendant Amazon.com, Inc., hereinafter referred to as "AMZ," is a Delaware corporation with its principal place of business in Seattle, Washington, and may be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

5. At all times material hereto, the Defendant, AMZ, is registered to do business in the State of Florida, is doing business in the State of Florida, and is engaged in the business of selling, marketing, and introducing into interstate commerce, either directly or indirectly through third parties or related entities, consumer products, including the SEEHONOR Insulated Cooler Backpack at issue, hereinafter referred to as the "Subject Backpack."

6. At all times material hereto, the Defendant AMAZON.COM SERVICES LLC, hereinafter referred to as "AMZS," is a Delaware corporation with its principal place of business in Seattle, Washington, and has a registered agent at Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

7. At all times material hereto, the Defendant, AMZS, is registered to do business in the State of Florida, is doing business in the State of Florida, and is engaged in the business of selling, marketing, and introducing into interstate commerce, either directly or indirectly through third parties or related entities, consumer products, including the Subject Backpack.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interests.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) by virtue of the facts that (a) a substantial part of the events or omissions giving rise to the claims occurred in this District and (b) Defendants' products are produced, sold to, and consumed by individuals in the State of

Florida, thereby subjecting Defendants to personal jurisdiction in this action and making them all "residents" of this judicial District under 28 U.S.C. § 1391(d).

10. This Court has personal jurisdiction over these Defendants based on the following in-state conduct: a. Transacting business in Florida by processing a consumer transaction involving the Subject Backpack; b. Contracting to ship products to Florida by processing a consumer transaction and shipping products to consumers in Florida; c. The distribution of goods to Florida with the knowledge and reasonable expectation that those goods would be used in Florida; d. Conducting substantial business in Florida; e. The Defendants purposely and intentionally conduct business in the State of Florida.

## FACTUAL ALLEGATIONS

11. At all times material hereto, the Defendants, AMZ and/or AMZS, hereinafter collectively referred to as "Amazon," operate the e-commerce website Amazon.com.

12. At all times material hereto, the Defendants, AMZ and/or AMZS market, sell, process, warehouse, distribute, and/or ship SEEHONOR products, including the Subject Backpack.

13. At all times material hereto, the Defendants, AMZ and/or AMZS provide an online marketplace through which the manufacturer/designer of the Subject Backpack sells its products to consumers in the United States, including the Subject Backpack.

14. At all times material hereto, the Defendants, AMZ and/or AMZS, sell and distribute consumer products on Amazon.com both as a retailer and as a distributor for Amazon affiliates and its selling partners under its Fulfillment by Amazon ("FBA") program.

15. At all times material hereto, the manufacturer/designer of the Subject Backpack, utilizes Amazon's FBA program, including for the sale of the Subject Backpack.

16. Amazon's "Selling Partners" who participate in FBA deliver their products to Amazon's fulfillment centers rather than directly to consumers.

17. Amazon refers to these fulfillment centers as its "distribution centers."

18. Once Amazon receives delivery of a product into its fulfillment center, Amazon stores the product until it is sold to a consumer, including the Subject Backpack.

19. If a particular product is not being held in an Amazon distribution center, Amazon does not allow that product to be purchased on Amazon.com.

20. Amazon uses its own technology to track, move, commingle, and ship FBA products to customers.

21. When a consumer orders an FBA product, Amazon locates the product in its warehouse, fulfills the order, and arranges shipment directly to the consumer.

22. Amazon processes all customer payments for FBA products, deducts its fees, and remits balances to sellers.

23. Amazon issues receipts, order confirmations, and purchase acknowledgments in its own name for FBA transactions.

24. Amazon applies and enforces its Fair Pricing Policy to the prices set by third-party sellers, including the power to penalize or suspend sellers.

25. Amazon requires third-party sellers to agree that Amazon alone will provide customer service for FBA products.

26. Amazon determines whether a customer will receive a refund, replacement, or adjustment for an FBA product.

27. Amazon requires sellers to reimburse Amazon for refunds, replacements, and adjustments Amazon provides to consumers in Amazon's sole discretion.

28. Amazon enforces reimbursement by reversing credits owed to sellers or charging the seller's credit card or bank account.

29. If a customer returns a product, Amazon decides whether to dispose of the product, return it to seller inventory, or resell it through its Amazon Warehouse program.

30. Amazon contractually reserves the right to destroy, recycle, donate, or liquidate inventory stored in its fulfillment centers.

31. When Amazon disposes of inventory, title to the product transfers to Amazon or its designee, and Amazon may retain proceeds from disposal.

32. Amazon retains constructive title to products stored in its fulfillment centers through its contractual power to withhold distribution, seize, resell, or destroy inventory.

33. Amazon requires third-party sellers to notify Amazon of any recalls or potential recalls and to cooperate with Amazon in executing recalls.

34. Amazon requires its selling partners to reimburse Amazon for all costs Amazon incurs in connection with recalls or safety alerts.

35. Amazon alone possesses the contact information of consumers who purchase FBA products and therefore controls recall notifications.

36. Consumers perceive they are purchasing FBA products from Amazon because Amazon controls the website, checkout process, packaging, and customer communications.

37. Many FBA sellers are foreign entities that are unknown to consumers and Amazon is the only visible participant in the seller/distribution chain.

38. Amazon profits from every FBA transaction through referral fees, fulfillment fees, and other charges.

39. Amazon is in the best position to monitor and regulate the safety of the products it sells and distributes because of its centralized control over listing, storage, fulfillment, pricing, payment, customer service, returns, and recalls.

40. Amazon's FBA participation agreement is an adhesion contract that unilaterally imposes these terms on sellers without negotiation including those that self-servingly relate to title.

41. At all times material hereto, the Defendants, AMZ and/or AMZS, and the manufacturer of the Subject Backpack operate under the Amazon Services Business Solution Agreement ("BSA").

42. Under the terms of its BSA, the manufacturer of the Subject Backpack participated in Amazon's Fulfillment by Amazon program as well as its "Selling Partner" Application Programming Interface.

43. Through the BSA, Defendants, AMZ and/or AMZS require the manufacturer to price goods sold on Amazon.com to be at least as favorable to Amazon site users as the most favorable terms offered elsewhere.

44. At all times material hereto, Defendants, AMZ and/or AMZS, provide processing for all goods sold by the manufacturer including the Subject Backpack.

45. At all times material hereto, Defendants, AMZ and/or AMZS, charge service fees for their role in the transaction including for facilitating the shipment of the Subject Backpack.

46. At all times material hereto, Defendants, AMZ and/or AMZS, also charge referral fees — a percentage of the sale price per item sold by the manufacturer of the Subject Backpack.

47. At all times material hereto, under the BSA, Defendants, AMZ and/or AMZS, require all communications between the manufacture and purchasers of the Subject Backpack be routed through Amazon.

48. At all times material hereto, under the BSA, Defendants, AMZ and/or AMZS, reserve the right to control in their sole discretion the content, appearance, design, functionality and all other aspects of the product pages for the Subject Backpack.

49. At all times material hereto, under the BSA, Defendants, AMZ and/or AMZS, require the manufacturer to maintain liability insurance naming Amazon as an additional insured.

50. At all times material hereto, under the BSA, Defendants, AMZ and/or AMZS, require the manufacturer to indemnify them for any liability arising from products sold through Amazon.com.

51. At all times material hereto, under the BSA, Defendants, AMZ and/or AMZS, require the manufacturer to ensure and certify that its products comply with applicable laws and notify AMZ and/or AMZS of any public or private recall of their products.

52. At all times material hereto, under the BSA, Defendants, AMZ and/or AMZS, have the power to require the manufacturer to provide AMZ and/or AMZS with any product certification or product standards certification applicable to the manufacturer products.

53. At all times material hereto, Defendants, AMZ and/or AMZS, independently monitor safety recalls and other safety issues related to products sold on their online marketplace.

54. To the consumer, the Defendants, AMZ and/or AMZS, are a critical part of the transaction by serving as the sole means of marketing, communications, distributions, returns, or customer service contact.

55. On or about September 1, 2023, the Subject Backpack was purchased from the Defendants, AMZ and/or AMZS, under Order #: 111-33288837-4531409.

56. On or about September 1, 2023, the Defendants, AMZ and/or AMZS, sold the Subject Backpack to the purchaser.

57. The Defendants, AMZ and/or AMZS, then notified the manufacturer of the order and processed the transaction.

58. The purchaser received confirmation and shipping emails from Defendants, AMZ and/or AMZS, regarding the transaction.

59. The Subject Backpack was in the possession of Amazon at one of its fulfillment centers and was delivered by Amazon in Amazon packaging.

60. The Subject Backpack is a SEEHONOR Insulated Cooler Backpack that came with a multi-tool device, hereinafter referred to as the "Subject Multi-Tool," which was located inside the pocket on the right shoulder strap of the Subject Backpack. The Subject Multi-Tool was connected to the Subject Backpack with a black strap or line.

61. At all times material hereto, the Subject Backpack, including the Subject Multi-Tool, was in the same condition and substantially unaltered from the time it left the control of the Defendants.

62. On April 27, 2025, the Plaintiff, NOA BISTRITZ, who was six (6) years old at the time, together with her parents, BRIAN BISTRITZ, her father, and Devorah Bistritz, her mother, and other members of their family went to Boomers in Boca Raton, Florida, for the day.

63. While at Boomers, BRIAN BISTRITZ had the Subject Backpack over his shoulders in the normal and intended manner.  As BRIAN BISTRITZ was wearing the Subject Backpack, he picked up and was carrying his daughter, NOA BISTRITZ, in his right arm.

64. After a few minutes, BRIAN BISTRITZ, wanted to put NOA BISTRITZ down on the floor. BRIAN BISTRITZ stooped down and as he was lowering NOA BISTRIZ towards the floor, NOA BISTRITZ' left arm suddenly got caught and became lodged in the Subject Multi-Tool, which was located inside the pocket on the right shoulder strap of the Subject Backpack, hereinafter referred to the as the "Subject Incident."

65. Prior to the Subject Incident, BRIAN BISTRITZ was not aware that the Subject Multi-Tool was sharp, dangerous, and protruding from the Subject Backpack.

66. As a result, the Plaintiff, NOA BISTRITZ, suffered a severe and permanent injury to her left arm.

67. At all times material hereto, the Subject Backpack with the Subject Multi-Tool is defectively designed as it is unsafe, hazardous, and unreasonably dangerous due to the following: (a) the Subject Multi-Tool is extremely sharp but has no protective covering or guard; (b) the location of the Subject Multi-Tool on the Subject Backpack is unsafe and unreasonably dangerous, as it is positioned in an area where there is a high propensity to cause injury in foreseeable situations such as occurred herein; (c) the Subject Backpack is designed with a tool that is unreasonably sharp and dangerous connected to it; (d) the Subject Multi-Tool does not sit fully within the pocket, but rather the top is exposed; and (e) the Subject Backpack came with no warnings whatsoever regarding the sharp and exposed Subject Multi-Tool.

68. Upon information and belief, the manufacturer of the Subject Backpack no longer sells the backpack with the Subject Multi-Tool device and has replaced it with a bottle opener. This constitutes evidence that the manufacturer was aware of the design defect and made changes to the product. This alternative design is a feasible design alternative that was known or should have been known by the Defendants.

69. There is no comparative negligence by the Plaintiff, NOA BISTRITZ, a six-year-old child, and no contributory negligence by BRIAN BISTRITZ, who was safely and properly using the Subject Backpack in its intended manner at the time of the incident.

70. At all times material hereto, the Plaintiff, NOA BISTRITZ, and her father, BRIAN BISTRITZ, used the Subject Backpack in its intended manner and for its intended purpose and in a manner that was reasonably foreseeable to Defendants.

<u>**COUNT I**</u>
**[STRICT LIABILITY – AMAZON.COM, INC.]**

71. Plaintiff readopts and realleges Paragraphs 1 through 70 as fully as if said Paragraphs were restated herein.

72. At all times material hereto, the Defendant, AMZ, as the seller, distributor, and/or supplier of the Subject Backpack, placed the Subject Backpack into the stream of commerce.

73. At all times material hereto, the Subject Backpack, including the Subject Multi-Tool, was defective and unreasonably dangerous to the user or consumer in that: (a) the Subject Multi-Tool contained a design defect; (b) the Subject Multi-Tool contained a manufacturing defect; and/or (c) the Subject Backpack failed to contain adequate warnings or instructions regarding the sharp and exposed Subject Multi-Tool.

74. The Subject Backpack was expected to and did reach the Plaintiff without substantial change in the condition in which it was sold.

75. At all times material hereto, the Defendant, AMZ, sold, distributed, and/or supplied the Subject Backpack, thereby introducing a defective product into the stream of commerce that ultimately injured the Plaintiff, NOA BISTRITZ, in one or more of the following ways:

    a.    Selling, distributing, and/or supplying a defective Subject Backpack with the Subject Multi-Tool that was unreasonably dangerous;

    b.    Selling, distributing, and/or supplying the Subject Backpack with the Subject Multi-Tool that was unreasonably sharp and had no protective covering or guard;

c.  Selling, distributing, and/or supplying the Subject Backpack with the Subject Multi-Tool positioned in an unsafe and unreasonably dangerous location on the shoulder strap where it was likely to cause injury in foreseeable use;

d.  Selling, distributing, and/or supplying the Subject Backpack with the Subject Multi-Tool that did not sit fully within the pocket and was exposed;

e.  Selling, distributing, and/or supplying the Subject Backpack without any warnings regarding the sharp and exposed Subject Multi-Tool;

f.  Selling, distributing, and/or supplying the Subject Backpack without a proper and appropriate safety inspection or testing;

g.  Failing to properly vet the manufacturer/seller and its products prior to listing them for sale, including the Subject Backpack;

h.  Failing to properly review and vet the warnings and instructions included with the Subject Backpack prior to selling, distributing, and/or placing it into the stream of commerce;

i.  Selling, distributing, and/or supplying the Subject Backpack with a design defect that was known or should have been known, as evidenced by the subsequent replacement of the Subject Multi-Tool with a bottle opener.

71. At all times material hereto, the Subject Backpack was defective because it was unreasonably and defectively dangerous at the time the product left Defendant's control due to its defective design, manufacturing defects, and inadequate warnings, labeling, and/or instructions accompanying the Subject Backpack.

72. At all times material hereto, the Subject Backpack that was sold, distributed, delivered, received, and/or used by the Plaintiff, was in the same condition and substantially unaltered from the time it left the control of the Defendant, AMZ.

73. As a direct and proximate result of the strict liability of the Defendant, AMZ, the Plaintiff, NOA BISTRITZ, was injured in and about her body and/or extremities, sustained bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, and incurred medical expenses for her care and treatment; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses and impairments in the future.

**WHEREFORE**, Plaintiff, NOA BISTRITZ, a minor, by and through her father and natural guardian, BRIAN BISTRITZ, demands judgment against Defendant, AMAZON.COM, INC., for damages, together with interest and costs, and further demands a trial by jury on all issues so triable as a matter of right.

## COUNT II
## [NEGLIGENCE – AMAZON.COM, INC.]

1. 74.    Plaintiff readopts and realleges Paragraphs 1 through 70 as fully as if said Paragraphs were restated herein.

76. At all times material hereto, the Defendant, AMZ, as the seller, distributor, and/or supplier of the Subject Backpack, owed a duty to the consuming public in general, including foreseeable users and/or bystanders, including the Plaintiff, to sell, distribute, and/or supply safe and reasonably designed products, including the Subject Backpack.

77. At all times material hereto, the Defendant, AMZ, as the seller, distributor, and/or supplier of the Subject Backpack, owed a duty to the consuming public in general, including foreseeable

users and bystanders, including the Plaintiff, to sell, distribute, and/or supply products, including the Subject Backpack, that were manufactured with reasonable care.

78. At all times material hereto, the Defendant, AMZ, as the seller, distributor, and/or supplier of the Subject Backpack, owed a duty to foreseeable users and bystanders, such as Plaintiff, to warn about the dangers of the Subject Backpack, because Defendant either knew, or should have known, of these risks at the time it marketed, distributed, supplied, and/or sold the Subject Backpack.

79. At all times material hereto, the Defendant, AMZ, as the seller, distributor, and/or supplier of the Subject Backpack, owed a duty to foreseeable users and bystanders, including the Plaintiff, to inspect, test, review, and/or vet its sellers and/or manufacturers in such a manner and with the exercise of reasonable care, so as to prevent the foreseeable risk of injury and/or death to users, including the Plaintiff, before placing and/or distributing the Subject Backpack into the stream of commerce.

80. At all times material hereto, the Defendant, AMZ, negligently sold, distributed, and/or supplied the Subject Backpack, thereby breaching its duties to the public and introducing a defective product into the stream of commerce that ultimately injured the Plaintiff, NOA BISTRITZ, in one or more of the following ways:

a. Negligently failing to use the reasonable care a reasonable seller, distributor, and/or supplier would use when selling, distributing, and/or supplying the Subject Backpack;

b. Negligently selling, distributing, and/or supplying the Subject Backpack with the Subject Multi-Tool that was extremely sharp and had no protective covering or guard;

c.     Negligently selling, distributing, and/or supplying the Subject Backpack with the Subject Multi-Tool positioned in an unsafe and unreasonably dangerous location on the shoulder strap;

d.     Negligently selling, distributing, and/or supplying the Subject Backpack with the Subject Multi-Tool that did not sit fully within the pocket and was exposed;

e.     Negligently selling, distributing, and/or supplying the Subject Backpack without any warnings regarding the sharp and exposed Subject Multi-Tool;

f.     Negligently selling, distributing, and/or supplying the Subject Backpack without a proper and appropriate safety inspection or testing;

g.     Failing to properly vet the manufacturer/seller and its products prior to listing them for sale, including the Subject Backpack;

h.     Failing to properly review and vet the warnings and instructions included with the Subject Backpack prior to selling, distributing, and/or placing it into the stream of commerce;

i.     Negligently failing to warn the Plaintiff and foreseeable users and bystanders that the Subject Backpack contained a sharp and dangerous multi-tool device that was exposed and could cause severe injury;

j.     Negligently failing to remove or secure the Subject Multi-Tool from the Subject Backpack prior to selling, distributing, and/or supplying the Subject Backpack to consumers.

81. At all times material hereto, the Subject Backpack was defective because it was unreasonably and defectively dangerous at the time the product left Defendant's control due to its

defective design, manufacturing defects, and inadequate warnings, labeling, and/or instructions accompanying the Subject Backpack.

82. At all times material hereto, the Subject Backpack that was sold, distributed, delivered, received, and/or used by the Plaintiff, was in the same condition and substantially unaltered from the time it left the control of the Defendant, AMZ.

83. As a direct and proximate result of the negligence of the Defendant, AMZ, the Plaintiff, NOA BISTRITZ, was injured in and about her body and/or extremities, sustained bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, and incurred medical expenses for her care and treatment; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses and impairments in the future.

**WHEREFORE**, Plaintiff, NOA BISTRITZ, a minor, by and through her father and natural guardian, BRIAN BISTRITZ, demands judgment against Defendant, AMAZON.COM, INC., for damages, together with interest and costs, and further demands a trial by jury on all issues so triable as a matter of right.

## COUNT III
### [STRICT LIABILITY – AMAZON.COM SERVICES, LLC]

84. Plaintiff readopts and realleges Paragraphs 1 through 70 as fully as if said Paragraphs were restated herein.

85. At all times material hereto, the Defendant, AMZS, as the seller, distributor, and/or supplier of the Subject Backpack, placed the Subject Backpack into the stream of commerce.

86. At all times material hereto, the Subject Backpack, including the Subject Multi-Tool, was defective and unreasonably dangerous to the user or consumer in that: (a) the Subject Multi-Tool contained a design defect; (b) the Subject Multi-Tool contained a manufacturing defect; and/or (c)

the Subject Backpack failed to contain adequate warnings or instructions regarding the sharp and exposed Subject Multi-Tool.

87. The Subject Backpack was expected to and did reach the Plaintiff without substantial change in the condition in which it was sold.

88. At all times material hereto, the Defendant, AMZS, sold, distributed, and/or supplied the Subject Backpack, thereby introducing a defective product into the stream of commerce that ultimately injured the Plaintiff, NOA BISTRITZ, in one or more of the following ways:

    a.    Selling, distributing, and/or supplying a defective Subject Backpack with the Subject Multi-Tool that was unreasonably dangerous;

    b.    Selling, distributing, and/or supplying the Subject Backpack with the Subject Multi-Tool that was extremely sharp and had no protective covering or guard;

    c.    Selling, distributing, and/or supplying the Subject Backpack with the Subject Multi-Tool positioned in an unsafe and unreasonably dangerous location on the shoulder strap where it was likely to cause injury in foreseeable use;

    d.    Selling, distributing, and/or supplying the Subject Backpack with the Subject Multi-Tool that did not sit fully within the pocket and was exposed;

    e.    Selling, distributing, and/or supplying the Subject Backpack without any warnings regarding the sharp and exposed Subject Multi-Tool;

    f.    Selling, distributing, and/or supplying the Subject Backpack without a proper and appropriate safety inspection or testing;

    g.    Failing to properly vet the manufacturer/seller and its products prior to listing them for sale, including the Subject Backpack;

h.  Failing to properly review and vet the warnings and instructions included with the Subject Backpack prior to selling, distributing, and/or placing it into the stream of commerce;

i.  Selling, distributing, and/or supplying the Subject Backpack with a design defect that was known or should have been known, as evidenced by the subsequent replacement of the Subject Multi-Tool with a bottle opener.

89. At all times material hereto, the Subject Backpack was defective because it was unreasonably and defectively dangerous at the time the product left Defendant's control due to its defective design, manufacturing defects, and inadequate warnings, labeling, and/or instructions accompanying the Subject Backpack.

90. At all times material hereto, the Subject Backpack that was sold, distributed, delivered, received, and/or used by the Plaintiff, was in the same condition and substantially unaltered from the time it left the control of the Defendant, AMZS

91. As a direct and proximate result of the strict liability of the Defendant, AMZS, the Plaintiff, NOA BISTRITZ, was injured in and about her body and/or extremities, sustained bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, and incurred medical expenses for her care and treatment; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses and impairments in the future.

**WHEREFORE**, Plaintiff, NOA BISTRITZ, a minor, by and through her father and natural guardian, BRIAN BISTRITZ, demands judgment against Defendant, AMAZON.COM SERVICES, LLC, for damages, together with interest and costs, and further demands a trial by jury on all issues so triable as a matter of right.

## COUNT IV
## [NEGLIGENCE – AMAZON.COM SERVICES, LLC]

92. Plaintiff readopts and realleges Paragraphs 1 through 70 as fully as if said Paragraphs were restated herein.

93. At all times material hereto, the Defendant, AMZS, as the seller, distributor, and/or supplier of the Subject Backpack, owed a duty to the consuming public in general, including foreseeable users and/or bystanders, including the Plaintiff, to sell, distribute, and/or supply safe and reasonably designed products, including the Subject Backpack.

94. At all times material hereto, the Defendant, AMZS, as the seller, distributor, and/or supplier of the Subject Backpack, owed a duty to the consuming public in general, including foreseeable users and bystanders, including the Plaintiff, to sell, distribute, and/or supply products, including the Subject Backpack, that were manufactured with reasonable care.

95. At all times material hereto, the Defendant, AMZS, as the seller, distributor, and/or supplier of the Subject Backpack, owed a duty to foreseeable users and bystanders, such as Plaintiff, to warn about the dangers of the Subject Backpack, because Defendant either knew, or should have known, of these risks at the time it marketed, distributed, supplied, and/or sold the Subject Backpack.

96. At all times material hereto, the Defendant, AMZS, as the seller, distributor, and/or supplier of the Subject Backpack, owed a duty to foreseeable users and bystanders, including the Plaintiff, to inspect, test, review, and/or vet its sellers and/or manufacturers in such a manner and with the exercise of reasonable care, so as to prevent the foreseeable risk of injury and/or death to users, including the Plaintiff, before placing and/or distributing the Subject Backpack into the stream of commerce.

97. At all times material hereto, the Defendant, AMZS, negligently sold, distributed, and/or supplied the Subject Backpack, thereby breaching its duties to the public and introducing a defective product into the stream of commerce that ultimately injured the Plaintiff, NOA BISTRITZ, in one or more of the following ways:

      a.      Negligently failing to use the reasonable care a reasonable seller, distributor, and/or supplier would use when selling, distributing, and/or supplying the Subject Backpack;

      b.      Negligently selling, distributing, and/or supplying the Subject Backpack with the Subject Multi-Tool that was extremely sharp and had no protective covering or guard;

      c.      Negligently selling, distributing, and/or supplying the Subject Backpack with the Subject Multi-Tool positioned in an unsafe and unreasonably dangerous location on the shoulder strap;

      d.      Negligently selling, distributing, and/or supplying the Subject Backpack with the Subject Multi-Tool that did not sit fully within the pocket and was exposed;

      e.      Negligently selling, distributing, and/or supplying the Subject Backpack without any warnings regarding the sharp and exposed Subject Multi-Tool;

      f.      Negligently selling, distributing, and/or supplying the Subject Backpack without a proper and appropriate safety inspection or testing;

      g.      Failing to properly vet the manufacturer/seller and its products prior to listing them for sale, including the Subject Backpack;

    h.      Failing to properly review and vet the warnings and instructions included with the Subject Backpack prior to selling, distributing, and/or placing it into the stream of commerce;

    i.      Negligently failing to warn the Plaintiff and foreseeable users and bystanders that the Subject Backpack contained a sharp and dangerous multi-tool device that was exposed and could cause severe injury;

    j.      Negligently failing to remove or secure the Subject Multi-Tool from the Subject Backpack prior to selling, distributing, and/or supplying the Subject Backpack to consumers.

98. At all times material hereto, the Subject Backpack was defective because it was unreasonably and defectively dangerous at the time the product left Defendant's control due to its defective design, manufacturing defects, and inadequate warnings, labeling, and/or instructions accompanying the Subject Backpack.

99. At all times material hereto, the Subject Backpack that was sold, distributed, delivered, received, and/or used by the Plaintiff, was in the same condition and substantially unaltered from the time it left the control of the Defendant, AMZS.

100.    As a direct and proximate result of the negligence of the Defendant, AMZS, the Plaintiff, NOA BISTRITZ, was injured in and about her body and/or extremities, sustained bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, and incurred medical expenses for her care and treatment; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses and impairments in the future.

**WHEREFORE**, Plaintiff, NOA BISTRITZ, a minor, by and through her father and natural guardian, BRIAN BISTRITZ, demands judgment against Defendant, AMAZON.COM SERVICES, LLC, for damages, together with interest and costs, and further demands a trial by jury on all issues so triable as a matter of right.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 2nd day of April 2026,

HALPERN SANTOS & PINKERT, P.A.
150 Alhambra Circle - Suite 1100
Coral Gables, FL  33134
Phone :(305) 445-1111
Fax : (305) 445-1169
Email : ian@hsptrial.com

By: _s/Ian D. Pinkert_
   Ian D. Pinkert, ESQUIRE
   Florida Bar No.: 84572